CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

      Plaintiff,           Civil Action No. 07 - 1839

   - against -

SHAN INDUSTRIES, LLC.

      Defendant.

- - - - - - - - - - - - - - -X

## CONSENT DECREE

WHEREAS, Plaintiff the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter concurrently with this Consent Decree pursuant to Section 113 of the Clean Air Act ("CAA"), 42 U.S.C. § 7413. The Complaint alleges, inter alia, that Shan Industries, LLC ("Shan") violated Sections 112 and 114 of the CAA, 42 U.S.C. §§ 7412 & 7414, and the National Emissions Standards for Halogenated Solvent Cleaning ("Halogenated Solvent MACT Standard"), 40 C.F.R. Part 63, Subpart T, and the National Emission Standards for Chromium Emissions from Hard and Decorative Chromium Electroplating and Chromium Anodizing Tanks ("Chromium MACT Standard"), 40 C.F.R. Part 63, Subpart N; and

WHEREAS, the United States and Shan agree, and this Court

1

by entering this Consent Decree finds, that this Consent Decree
has been negotiated by the United States and Shan in good faith,
that settlement of this matter will avoid prolonged and
complicated litigation between the United States and Shan, and
that this Consent Decree is fair, reasonable, and in the public
interest; and

WHEREAS, the United States has reviewed financial
information submitted by Shan to determine whether Shan is
financially able to pay a civil penalty in this action.  Based
upon this financial information, the United States has
determined that Shan has limited financial ability to pay a
penalty with respect to the violations alleged in the Complaint.

WHEREAS, Shan does not admit any liability to the United
States arising out of the transactions or occurrences alleged in
the Complaint; and

WHEREAS, this Consent Decree constitutes the final,
complete and exclusive agreement and understanding between the
United States and Shan with respect to the settlement embodied
in this Consent Decree, and the United States and Shan
acknowledge that there are no representations, agreements or
understandings relating to the settlement other than those
expressly contained in this Consent Decree; and

THEREFORE, before the taking of any testimony and without

2

the adjudication of any issue of fact or law except as provided
in Section I, below, and with the consent of the United States
and Shan, it is ORDERED, ADJUDGED, AND DECREED as follows:

## I.   JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of
this action and the parties pursuant to 28 U.S.C. §§ 1331, 1345
and 1355 and § 113(b) of the CAA, 42 U.S.C. § 7413(b).  This
Court also has personal jurisdiction over Shan.

2.   Venue is proper in this district pursuant to 28 U.S.C.
§§ 1391(b) and 1391(c) and § 113(b) of the CAA, 42 U.S.C. § 7413
(b), because the violations alleged in the Complaint are alleged
to have occurred in, and Shan conducts business in, this
judicial district.

3.   Shan consents to and shall not challenge entry of this
Consent Decree or this Court's jurisdiction to enter, enforce,
or modify this Consent Decree.

4.   The Complaint states a claim upon which relief may be
granted against Shan pursuant to 42 U.S.C. § 7413(b).

5.   Notice of commencement of this action has been given
by EPA to the State of New Jersey through the New Jersey
Department of Environmental Protection.

## II.   PARTIES BOUND

3

6.    This Consent Decree is binding upon the United States, and upon Shan and its servants, agents, successors, assigns, or other entities or persons otherwise bound by law.

7.    Any change in ownership or corporate or other legal status of Shan, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Shan under this Consent Decree, unless (1) the transferee agrees to undertake the obligations required herein and to be substituted for Shan as a Party under the decree and be thus bound by the terms hereof, and (2) the United States consents to relieve Shan of its obligations.  At least thirty (30) days prior to such transfer, Shan shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement to EPA Region 2, the United States Attorney for the District of New Jersey and the United States Department of Justice, in accordance with Section X (Notices and Submissions).  Any attempt to transfer ownership or operation of the Facility without complying with this Paragraph constitutes a violation of this Decree.

### III.  DEFINITIONS

4

8.   Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in the CAA or in regulations promulgated thereunder shall have the meaning assigned to them in the CAA and in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a) "CAA" shall mean the Clean Air Act, 42 U.S.C. §§ 7401, et seq.;

b) "Complaint" shall mean the complaint filed by the United States of America against Shan in the United States District Court for the District of New Jersey in this action;

c) "Consent Decree" or "Decree" shall mean this Consent Decree;

d) "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next business day;

e) "Defendant" shall mean Shan Industries, LLC;

f) "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States of America;

g) "EPA" shall mean the United States Environmental

Protection Agency and any successor departments, agencies or instrumentalities thereto;

h) "Effective Date" shall mean the date that this Consent Decree is entered by the Court;

i) "Facility" shall mean Shan Industries, LLC's Accurate Forming metal part manufacturing plant located at 24 Ames Boulevard, Hamburg, New Jersey 07419;

j) "Interest" shall mean that amount of interest computed daily and compounded annually calculated at the rate specified in 28 U.S.C. § 1961 as of the date of lodging;

k) "Parties" shall mean the United States and Shan;

l) "Penalty" shall mean the amount of the civil penalty to be paid under Section IV;

m) "Refill Degreaser" shall mean the batch vapor solvent cleaning machine located at the Facility;

n) "Shan" shall mean Shan Industries, LLC;

o) "State" shall mean the State of New Jersey; and

p) "United States" shall mean the United States of America, acting on behalf of EPA.

## IV.   CIVIL PENALTY

9.   Shan shall pay to the United States a civil penalty of $101,000 (the "Penalty") in accordance with the provisions of Paragraph 10, below.

10.   Shan shall pay the Penalty to the United States in three (3) installments as follows:

(a) within 30 days of the Effective Date of this Consent Decree, Shan shall pay $20,000, plus an additional sum for Interest on the penalty amount calculated as follows:

i.)   if Shan executes and returns this Consent Decree to DOJ on or before December 20, 2006, and payment is timely, no Interest shall accrue;

ii.)   if Shan executes and returns this Agreement to DOJ by December 20, 2006, but payment is not timely, Interest shall be calculated from the date 30 days after the Effective Date of this Consent Decree until the date of payment; and

iii.)   if Shan does not execute and return this Consent Decree to DOJ by December 20, 2006, Interest shall be calculated from that date until the date of payment.

(b) $30,000, plus Interest (calculated from the date 30 days after the Effective Date of this Consent Decree until the date of payment), on the first anniversary of the Effective Date, and

7

(c) $51,000, plus Interest (calculated from the date 30 days after the Effective Date of this Consent Decree until the date of payment), on the second anniversary of the Effective Date.

11.   Shan shall pay the Penalty installment payments and any other payments due under this Consent Decree according to the terms of this Paragraph.  For payment amounts of less than $50,000, such payments shall be made by certified check payable to "U.S. Department of Justice" and delivered to the Financial Litigation Unit of the U.S. Attorney's Office, District of New Jersey.  For payment amounts of $50,000 or more, such payments shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with instructions to be provided to Defendant following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office, District of New Jersey.  Each payment shall reference the full caption of this action, the Civil Action number, and USAO File No. 2006V02451        . At the time of payment, Shan shall notify EPA and DOJ in writing that payment has been made, in accordance with Section X (Notices and Submissions).

12.   Shan shall not deduct the civil penalty paid under

8

this Section, nor any other payments due under this Consent Decree, in calculating its federal income tax.

13.  In the event that any payment required by this Section is not received when due, the United States may declare the full remaining principal amount of the Penalty to be immediately due and owing, and Interest shall continue to accrue on the unpaid balance through the date of payment.

### V.  COMPLIANCE REQUIREMENTS

14.  Defendant shall submit the following reports:

a)  An annual report on the refill degreaser that complies with the requirements of 40 C.F.R. § 63.468(f), which will include, among other things, the results of monitoring and certification of operator training, must be submitted to EPA (with notice to DOJ and the U.S. Attorney's Office) by U.S. Mail on or before February 1st of each year, after the lodging of this Consent Decree, until the termination of this Consent Decree pursuant to Paragraph 44.

b) A semiannual report on the refill degreaser, which will include, among other things, a description of any repairs made and records of replacement parts ordered, must be submitted to EPA (with notice to DOJ and the U.S. Attorney's Office) by U.S. Mail for each year, on or before January 30th, and on or

before June 30th, after the lodging of this Consent Decree,
until termination of this Consent Decree pursuant to Paragraph
44, unless an exceedance of halogenated hazardous air pollutant
solvent emissions has occurred, in which case Defendant shall
submit the reports on a quarterly basis.  All such reports must
include the information specified in 40 C.F.R. § 63.468(h).

c) If Defendant violates, or has reason to believe
that it may violate, any requirement of this Consent Decree,
within fifteen (15) days of the day Defendant first becomes
aware of the violation or the possibility thereof, Defendant
shall submit to EPA (with notice to DOJ and the U.S. Attorney's
Office) in a written report that indicates the violation or
potential violation, the duration of the violation or potential
violation and that explains the likely cause and the remedial
steps taken, or to be taken, to minimize and/or prevent such
violation or potential violation.  If Defendant cannot provide
all the information required at the time the report is due,
Defendant shall so state in the report and within thirty (30)
days of the day Defendant first becomes aware of the violation
or the possibility of a violation, Defendant shall submit an
amendment to the report, which includes all the required
information or the reasoning as to why Defendant cannot provide

10

one or more of the items required.

15.   Each report submitted by Defendant under this Section shall be signed by an official of the submitting party and include the following certification:

> I certify under penalty of law that I have examined and am familiar with the information submitted in this document and all attachments and that this document and its attachments were prepared either by me personally or under my direction or supervision in a manner designed to ensure that qualified and knowledgeable personnel properly gather and present the information contained therein.  I further certify, based on my personal knowledge or on my inquiry of those individuals immediately responsible for obtaining the information, that the information is true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fines and imprisonment for knowingly and willfully submitting a materially false statement.

This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

16.   The reporting requirements of this Consent Decree do not relieve Defendant of any reporting obligations required by the Clean Air Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

17.   Any information provided pursuant to this Consent

11

Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VI.   STIPULATED PENALTIES

18.   If any amounts due to the United States under Section IV (Civil Penalty) are not paid by the required date, Shan shall pay to the United States as a stipulated penalty $2,500 per day that such payment or performance is late in addition to Interest.

19.   For each failure to comply with any of the requirements of Section V (Compliance Requirements), Defendant shall pay a stipulated penalty for each violation as follows:

| Penalty Per Day, Per Violation | Number of Days |
|---|---|
| $1,000 | First through fifteenth |
| $1,500 | Sixteenth through thirtieth |
| $2,000 | Each day beyond thirtieth |

20.   Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of the penalties by EPA.

21.   Stipulated penalties shall accrue as provided in this

12

Section regardless of whether the United States has notified Shan of the violation or made demand for payment, but need only be paid upon demand. Stipulated penalties shall begin to accrue on the day after performance is due and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

### VII. RIGHT OF ENTRY

22. EPA and its contractors, consultants, and agents shall have authority to enter the Facility at all reasonable times, upon proper presentation of credentials. This provision in no way limits or otherwise affects any right of entry held by EPA pursuant to applicable federal, state, or local laws, regulations, or permits.

### VIII. FORCE MAJEURE

23. Defendant shall satisfy the requirements of Section V (Compliance Requirements) except to the extent, and for the period of time, that such performance is prevented or delayed by events which constitute a force majeure.

24. For the purposes of this Consent Decree, a force

13

majeure is defined as any event arising from causes beyond the reasonable control of Defendant, its contractors, or any entity controlled by Shan and that cannot be overcome by Defendant's best efforts.  "Best efforts" includes anticipating any potential force majeure event and addressing the effects of any such event (a) as it is occurring and (b) after it has occurred, to prevent or minimize any resulting delay to the greatest extent possible.  "Force Majeure" does not include Shan's financial inability to perform any obligations under this Consent Decree, nor increased costs of performance.

25.   In the event of a force majeure, the time for performance of the activity delayed by the force majeure shall be extended for the time period of the delay attributable to the force majeure.  The time for performance of any activity dependent on the delayed activity shall be similarly extended, except to the extent that the dependent activity can be implemented in a shorter time.  EPA shall determine whether dependent activities will be delayed by the force majeure and whether the time period should be extended for performance of such activities.  Defendant shall make best efforts to avoid or minimize any delay caused by a force majeure.

26.   When an event occurs or has occurred that may delay or

prevent the performance of any obligation under this Consent Decree and that Defendant believes is a force majeure, Defendant shall notify, by telephone or facsimile, Ken Eng, Chief, Division of Enforcement and Compliance Assistance, Air Compliance Branch, EPA, Region 2, 290 Broadway, 21st Floor, New York, NY 10007-1866 at telephone number (212) 637-4080 or facsimile number (212) 637-3998, within 72 hours of Defendant's knowledge of such event.  Telephone or facsimile notification shall be followed by written notification, made within seven (7) working days of Defendant's knowledge of the event.  The written notification shall fully describe: the event that may delay or prevent performance; reasons for the delay; the reasons the delay is beyond Defendant's control; the anticipated duration of the delay; actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to mitigate the effect of the delay; and the time needed to implement any dependent activities.

27.  Defendant's failure to comply with the force majeure notice requirements provided in Paragraph 26 for any delay in performance will be deemed an automatic forfeiture of its right to assert that the delay was caused by force majeure unless such failure to provide notice was caused by force majeure.

28.   Within seven (7) working days after receiving notice from Defendant of a force majeure, EPA shall provide written notification to Defendant stating whether Defendant's request for a delay is justified.   EPA's failure to respond to a request for a delay shall be deemed a denial of that request.   If Defendant disagrees with EPA's determination, it may initiate dispute resolution procedures pursuant to Section IX (Dispute Resolution).

## IX.   DISPUTE RESOLUTION

29.   If Defendant disputes any determination made by EPA under this Consent Decree related to (a) a request by EPA for stipulated penalties; (b) EPA's determination related to a force majeure; or (c) the termination of the Consent Decree, it shall send a written notice to EPA and DOJ outlining the nature of the dispute and requesting informal negotiations to resolve the dispute.   Such period of informal negotiations shall not extend beyond 15 working days from the date when the notice was sent unless the parties agree otherwise.

30.   If the informal negotiations are unsuccessful, the determination of EPA shall control, unless Defendant files a motion with this Court for dispute resolution.   Any such motion must be filed within ten (10) days after termination of informal

negotiations under Paragraph 29.  Such motion must be concurrently sent to DOJ and EPA in accordance with Section X (Notices and Submissions) of this Consent Decree.  In any such dispute resolution proceeding, Defendant bears the burden of proving, by a preponderance of the evidence that its position complies with this Consent Decree and the CAA.  The United States' position is reviewable on the administrative record and must be upheld unless arbitrary and capricious or otherwise not in accordance with law.

31.  A timely motion by Defendant will not extend, postpone, or toll the performance of any obligation under this Consent Decree or the accrual of stipulated penalties under this Consent Decree for any ongoing noncompliance with respect to the disputed matter, but disputed stipulated penalties determined to be owing need not be paid until 30 days after resolution of the dispute.

## X.   NOTICES AND SUBMISSIONS

32.  Unless otherwise provided herein, notifications and submissions to or communications with the EPA, the U.S. Attorney's Office, District of New Jersey, or DOJ shall be deemed submitted on the date they are postmarked and sent either by overnight receipt mail service or by certified or registered

17

mail, return receipt requested.

33.   Unless otherwise provided herein, all notices, submissions, or communications in connection with this Consent Decree shall be directed to the individuals at the addresses specified below:

As to the United States:

Susan Steele
Assistant U.S. Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, NJ 07102

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

Laura Y. McDavid
Assistant Regional Counsel
Office of Regional Counsel, Air Branch
U.S. Environmental Protection Agency - Region 2
290 Broadway, 16th Floor
New York, NY 10007-1866

Marina Castro
Environmental Engineer
Division of Enforcement and Compliance Assistance
Air Compliance Branch
U.S. Environmental Protection Agency - Region 2
290 Broadway, 21st Floor
New York, NY 10007-1866

As to Shan:

Mitchell J. Rotbert, Esq.
The Rotbert Law Group, LLC
111 Rockville Pike, Suite 400
Rockville, MD 20850

Sheri L. Orlowitz
Chairperson & Chief Executive Officer
Shan Industries, LLC
1638 R Street, NW, Suite 117
Washington, DC 20009

34.   The Parties shall provide each other with written notification of any change in the names or addresses of the individual(s) to whom all notices, submissions and communications should be directed.

35.   Any notices, submissions and communications submitted to the United States shall reference the full caption of this action, USAO File No. _2006 V 02451_____, and DJ No. 90-5-2-1-08362/1.

## XI.   COSTS OF SUIT

36.   The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to enforce this Consent Decree or to collect any portion of the Penalty or any Stipulated Penalties due but not paid by Shan.

## XII.   CONTINUING JURISDICTION

37.   This Court shall retain jurisdiction over the subject matter of this action and the Parties to this Consent Decree to enforce the terms and conditions of this Consent Decree and to resolve all disputes arising hereunder as may be necessary for the construction or execution of this Consent Decree.

## XIII.   GENERAL PROVISIONS

38.   Complete performance by Shan of all of its obligations under this Consent Decree shall fully satisfy all civil liability of Shan for the violations alleged in the Complaint through the date of lodging this Consent Decree.  Nothing in the Consent Decree shall be construed to resolve any claims, or otherwise affect Shan's liability, with respect to violations of any applicable Federal or State law or regulations, other than the violations specifically alleged in the Complaint through the date of lodging this Consent Decree.  This Consent Decree does not resolve any claims against Shan for criminal liability.

39.   This Consent Decree shall not relieve Shan of its obligation to comply with all applicable provisions of Federal, State, local laws, regulations, permits, or with any order of the Court.

40.   This Consent Decree does not limit or affect the

rights of Shan or the United States against any third parties and does not create any rights for any third parties.

41.   This Consent Decree constitutes the final, complete, and exclusive agreement between the Parties and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

42.   Any material modification of this Consent Decree must be in writing and approved by the Court.  Any non-material modification must be agreed to and signed by the Parties to this Consent Decree and filed with the Court.

43.   The undersigned signatories represent that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the party he or she represents to this document.

44.   This Consent Decree may be terminated no sooner than three (3) years from its Effective Date, provided Defendant has satisfied all of its obligations under this Consent Decree and has obtained EPA's consent to termination, which consent shall

not be unreasonably withheld, according to the following
procedure: Defendant shall provide EPA notice within one (1)
month after satisfying all of its obligations of this Consent
Decree.  The notice required by this Paragraph shall
specifically state that Defendant has satisfied all obligations
of the Consent Decree, shall identify those obligations and
provide evidence that the obligations have been satisfied, shall
state that Defendant believes the Consent Decree can be
terminated, and shall refer to this Paragraph.  After receiving
notice from Defendant, EPA will provide Defendant with a written
response, either stating EPA's agreement that the Consent Decree
may be terminated, or stating EPA's determination that the
Consent Decree should not be terminated.  If EPA determines that
the Consent Decree may be terminated, the United States and
Defendant will enter into a joint stipulation to be filed with
the Court terminating the Consent Decree.

45.  The parties agree and acknowledge that final approval
by the United States and entry of this Consent Decree is subject
to the requirements of 28 C.F.R. § 50.7, which provides for
notice and an opportunity for public comment.  Shan consents to
the entry of this Consent Decree without further notice. The
United States' consent to the entry of this Consent Decree is

22

subject to publication of notice thereof in the <u>Federal Register</u> pursuant to § 50.7, and an opportunity to consider comments thereon, prior to requesting that the Court approve this Decree and enter it as a judgment of the Court.

46.  Shan shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of Shan with respect to all matters arising under or relating to this Consent Decree.  Shan hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

*          *          *

47.  The Court finds that this Consent Decree is a reasonable and fair settlement and adequately protects the public interest in accordance with the CAA.  Entered as a final judgment and order of this Court this 29 day of June 2007.

_____
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States of America v. Shan Industries, LLC</u>:

    FOR PLAINTIFF UNITED STATES OF AMERICA:

                          CHRISTOPHER J. CHRISTIE
                          United States Attorney

                          SUSAN STEELE
                          Assistant U.S. Attorney
                          District of New Jersey
                          United States Attorney's Office
                          970 Broad Street, 7th Floor
                          Newark, NJ 07102

Date: _____   By: _____
                          ELLEN M. MAHAN
                          Deputy Section Chief
                          Environmental Enforcement Section
                          Environment and Natural Resources
                              Division
                          United States Department of Justice

Date: 4/19/2007   By: _____
                          KEITH T. TASHIMA
                          Trial Attorney
                          Environmental Enforcement Section
                          Environment and Natural Resources
                              Division
                          United States Department of Justice
                          P.O. Box 7611
                          Washington, DC 20044-7611
                          (202) 616-9643

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States of America v. Shan Industries, LLC</u>:

FOR PLAINTIFF UNITED STATES OF AMERICA (cont'd):

Date: 3/1~/v 7

By: ERIC SCHAAF
Regional Counsel
U.S. Environmental Protection Agency
Region 2


Of Counsel:

FLAIRE HOPE MILLS
Air Branch Chief
Office of Regional Counsel
U.S. Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007-1866

LAURA Y. McDAVID
Assistant Regional Counsel
Office of Regional Counsel, Air Branch
U.S. Environmental Protection Agency
Region 2
290 Broadway
New York, NY 10007-1866
(212) 637-3214

Date: 12/20/06    By: _____

SHERI L. ORLOWITZ    Jan K. Von Flater

Chairperson & Chief Executive Officer  Secretary

Shan Industries, LLC

1638 R Street, NW, Suite 117

Washington, DC 20009

26